## UNITED STATES DISTRICT COURT
## CIVIL DIVISION

| | | |
|---|---|---|
| Lela Tolbert | * | |
| 1113 46th Place, S.E. | * | |
| Washington, D.C., 20019 | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case Number:_____ |
| | * | |
| National Harmony Memorial Park | * | |
| 7101 Sheriff Road | * | |
| Landover, MD   20785 | * | |
| Attn:  Mr. Mack Day | * | |
| | * | |
| Stewart Enterprises, Inc. | * | Calendar |
| Attn:  Ms. Penny Brown | * | |
| 1333 Clearview Parkway | * | |
| Jefferson, LA     70121 | * | |
| | * | Honorable |
| | * | |
| John/Mary Doe | * | |
| Funeral Director at Harmony Park | * | |
| Individually | * | |
| 7101 Sheriff Rd., | * | |
| Landover, MD 20785 | * | |
| | * | |
| Defendants | * | |
| | * | |

*************************************************************************

## COMPLAINT

### I.  FACTS

Plaintiff, Ms. Lela Tolbert, is the resident of Washington, D.C. and widow of Mr. Leroy

Tolbert of the decedent, states as following:

1.  Defendant National Harmony Memorial Park is a corporation organized

and existing under the laws of the State of Maryland and licensed to do business as a

cemetery. At all times material to this action, defendant National Harmony Memorial

Park operated, controlled, and maintained a cemetery known as the National Harmony

Cemetery in the Landover, County of Prince George, State of Maryland.

2. Since October 9, 2001, the National Harmony Cemetery should have been the final resting-place of Leroy Tolbert.

3. At the time of the Leroy Tolbert's death, Plaintiff entered into a contract with defendant National Harmony Memorial Park for the burial of the decedent in the burial plot Magnolia L2. The defendant was paid $4360.85 (Four Thousand three hundred sixty dollars and eight five cents) in consideration for that contract. A copy of that contract is attached to this complaint, marked as "Exhibit 1," and incorporated by reference.

4. Ms. Lela Tolbert lost her husband in 2001. She buried him at National Harmony Cemetery at Largo, MD. Mr. Leroy Tolbert, was supposed to be buried on plot Magnolia L2 per agreement. Given the stress and the grievance of the moment, Lela Tolbert was very distraught and never saw the workers lower the body into the plot. She left before she witnessed the casket put into the graveyard.

5. In January 7, 2004, Ms. Tolbert buried her son Rodney Tolbert at the same cemetery. The cemetery sold her the same plot Magnolia L2. For the first time, she was informed that Mr. Leroy Tolbert was buried at a different plot; not the one previously contracted upon. Moreover, the Plaintiff, Mrs. Tolbert, was never informed that the plot Magnolia L2, the one previously contracted upon could take two coffins.

6. Since Rodney Tolbert's death until March 2004, Ms. Tolbert tried to resolve these issues with cemetery herself and through her attorney. She has not received any confirmation or verification about whether her late husband and son were burying at Magnolia L2, the same lot. She believes that her husband and son are not in the place

that the cemetery has promised.

## FIRST CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

6.  The cemetery could not provide any explanation to the Plaintiff, Mrs. Tolbert, concerning why and how the defendant did not bury Mr. Leroy Tolbert in the plot Magnolia L2 that was previously contracted upon. Still, the Defendant could not prove that Mr. Leroy Tolbert was buried ever in any other or different plot of the cemetery.

On the dates and times in question, defendant had possession of the body of the decedent pursuant to the contract described above, and was therefore a bailee of decedent's body, and Plaintiff was bailor. The bailment was for the mutual benefit of bailor and bailee and was based on the consideration set forth.

Pleading further in the alternative, defendant was under a duty to discharge, in a reasonable manner, all of the duties and obligations imposed on a bailee who is in a possession of property, and such duty was breached by the manner and method in which defendant held, possessed, and interred the body of the decedent.

7. Defendant National Harmony Memorial Park completely breached the contract described above by failing to inter plaintiff's decedent in the burial plot Magnolia L2, the plot previously contracted upon.

8. Defendant National Harmony Memorial Park completely breached the contract described above by failing to inter plaintiff's decedent son in the burial plot directly beside her predeceased spouse so as both her beloved (son and husband) be interred alongside each other as family members.

Defendant's acts were in violation of the terms of the contract and were done with

the reckless disregard for the plaintiff suffering and emotional pain during a most difficult and trying time in her life.

9.  Defendant National Harmony Memorial Park deprived plaintiff of the peace and tranquility of a fit and proper burial for plaintiff both decedents and further aggravated the plaintiff's suffering by the blatant and wanton error of its agents and employees.

10. As a direct and proximate result of Defendant National Harmony Memorial Park's intentional or reckless breach of contract, Plaintiff is faced with the intolerable reality of 1) not knowing the plot where her beloved husband was interred, 2) why a stranger is buried or may be buried in the same plot where her beloved husband was interred, and 3) also facing the intolerable choice of either disinterring and re-interring one or both of her beloved so as they can rest alongside each other OR not de-interring them and painfully allowing them to rest apart from one another contrary to the family wishes. As a result, Plaintiff have been caused to suffer extensive and lasting damages including but not limited to:

  a. Serious emotional distress;
  b. Severe mental anguish;
  c. Pain and suffering, and
  d. Loss of sleep

11. Due to the nature and type of contract involved in this action, the damages described above are normally contemplated and anticipated by the parties entering into them, or were actually contemplated and anticipated by the parties to the contract at issue in this action.

12. As a result of the matters alleged above, Plaintiff has been suffered tremendously.  Plaintiff requests compensatory damages in an amount to be proven at

trial, but believed to approximate $ 1,000,000 or more;

Punitive damages as may be appropriate from Defendant to deter in the future the described wrongful conduct; prejudgment interest; and such other and further relief as the court may deem just and proper.

13. As alleged above, plaintiff's cause of action is based on defendant's breach of contract. The breach occurred on or before January 2004. However, its very nature was such that plaintiff could not reasonably be expected to have discovered it until later on.  The facts of this case are quite unique.  Accordingly, under the discovery rule, the year limitations period did not begin to run until much later.   Defendant therefore cannot assert the Statute of Limitations as a bar to this action.

<u>SECOND CAUSE OF ACTION</u>
<u>NEGLIGENCE</u>

14. Plaintiff alleges Paragraphs 1 through 14 of this complaint as if set forth in full here.

15. Defendant National Harmony Memorial Park had a duty to use reasonable and due care in performing its obligation to inter Plaintiff's decedent.

16. Defendant National Harmony Memorial Park breached the duty mentioned above by negligently failing to inter Plaintiff's decedent son in the burial plot directly beside her predeceased spouse and either by interring a deceased stranger in that plot or giving away a right to a stranger to be interred in that plot.

17. Defendant National Harmony Memorial Park breached the duty mentioned above by negligently failing to inter Plaintiff's spouse in an agreed upon and known plot, the plot previously contracted upon and causing the Plaintiff not to ascertain of the whereabouts of her beloved husband's remains.

18. Defendant National Harmony Memorial Park breached the duty mentioned above by negligently failing to inter Plaintiff's decedent husband in the contracted upon plot and failing to inter Plaintiff's son in the burial plot directly beside her predeceased spouse causing her to face the intolerable choice of either disinterring and re-interring one or both of her beloved so as they can rest alongside each other or not de-interring them and painfully allowing them to rest apart from one another contrary to the family wishes.

19. Defendant's negligence as described above caused plaintiff to suffer increased emotional pain and suffering during a most difficult and trying time in her life and deprived her of the peace and tranquility of a fit and proper burial for Plaintiff's decedents in their proper eternal resting place.

20. Defendant National Harmony Memorial Park's conduct as described above evinced a total want of care and a reckless indifference to the survivor of Plaintiff's decedent, the Plaintiff in this action.

22. As a direct and proximate result of the Defendant National Harmony Memorial Park's negligence, Plaintiff have been caused to suffer extensive and lasting damages including, but not limited to, the following:

a. Serious emotional distress;
b. Severe mental anguish;
c. Pain and suffering, and
d. Loss of sleep

23. As a result of the matters alleged above, Plaintiff requests Compensatory damages in an amount to be proven at trial, but believed to approximate $ 1,000,000 or more;

Punitive damages as may be appropriate from Defendant to deter in the future

the described wrongful conduct; Prejudgment interest; and such other and further relief as the court may deem just and proper.

24. As alleged above, plaintiff's cause of action is based on defendant's negligence. Defendant cannot prove whether they buried the Tolbert's family members in the alleged plots. Defendant refused to conduct any kind of test or resuming of coffin out of the grave to prove otherwise. Accordingly, under the discovery rule, the year limitations period did not begin to run until much later date. Defendant therefore cannot assert the Statute of Limitations as a bar to this action.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff re-alleges Paragraphs 1 through 25 of this complaint as if set forth in full here.

26. In violation of its stated duty, Defendant National Harmony Memorial Park failed to inter Plaintiff's decedent son in the burial plot directly beside her predeceased spouse and either by interring a deceased stranger in that plot or giving away a right to a stranger to be interred in that plot.

27. In violation of its stated duty, Defendant National Harmony Memorial Park failed to inter Plaintiff's spouse in an agreed upon and known plot, the plot previously contracted upon and causing the Plaintiff not to ascertain of the whereabouts of her beloved husband's remains.

28. Mr. Leroy Tolbert, was supposed to be buried on plot Magnolia L2 per agreement.

Mrs. Tolbert buried her son Rodney Tolbert at the same cemetery. The

cemetery sold her the same plot Magnolia L2. For the first time, she was informed that Mr. Leroy Tolbert was buried at a different plot; not the one previously contracted upon. Moreover, the Plaintiff, Mrs. Tolbert, was never informed that the plot Magnolia L2, the one previously contracted upon, could take two coffins. It is possible that the Defendant had already buried a stranger in that plot. When confronted with the error, the agents and employees of Defendant National Harmony Memorial Park insisted that no error had in fact been made and repeatedly denied that an error had been made. Then later on, they could not provide any explanation to the Plaintiff, Mrs. Tolbert, concerning why and how the defendant did not bury Mr. Leroy Tolbert in the plot Magnolia L2 that was previously contracted upon. Still, the Defendant could not prove that Mr. Leroy Tolbert was buried ever in any other or different plot of the cemetery. This caused anguish to the Plaintiff.

29.   The acts of Defendant National Harmony Memorial Park as alleged above were done with knowledge that Plaintiff was especially susceptible and sensitive to emotional pain and suffering due to the loss of their close and dear loved one. As a result, those acts were so willful, wanton, and malicious so as to constitute an entire want of care or a great and reckless indifference to the rights of the plaintiff.

30.   Defendant National Harmony Memorial Park's conduct as described above caused mental anguish to the Plaintiff, that anguish being not only the natural and probable consequence of the interference with the burial of the Plaintiff's decedent, but also the only injurious consequence likely to follow from that interference.

31.   As a direct and proximate result of the Defendant National Harmony Memorial Park's intentional infliction of emotional distress, Plaintiff have been caused to suffer extensive and lasting damages including, but not limited to, the following:

  a. Serious emotional distress;
  b. Severe mental anguish;
  c. Pain and suffering, and
  d. Loss of sleep

  32. As a result of the matters alleged above, Plaintiff requests Compensatory damages in an amount to be proven at trial, but believed to approximate $ 1,000,000 or more;  Punitive damages as may be appropriate from Defendant to deter in the future the described wrongful conduct; prejudgment interest; and such other and further relief as the court may deem just and proper.

  33. As alleged above, plaintiff's cause of action is based on defendant's intentional infliction of emotional distress. The intentional infliction of emotional distress occurred from 2004. However, its very nature was such that plaintiff could not reasonably be expected to have discovered it from March 2004 until present.  Plaintiff could not and still cannot assess or determine where her son or husband were buried. Accordingly, under the discovery rule, the year limitations period did not begin to run. Defendant therefore cannot assert the Statute of Limitations as a bar to this action.

## FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

  34. Plaintiff alleges Paragraphs 1 through 35 of this complaint as if set forth in full here.  Plaintiff alleges Paragraphs 1 through 11 of this complaint as if set forth in full here.

  35. Defendant National Harmony Memorial Park had a duty to use reasonable and due care in performing its obligation to inter Plaintiff's decedent.

  36. Defendant National Harmony Memorial Park breached the duty mentioned above by negligently failing to inter Plaintiff's decedent son in the burial plot

directly beside her predeceased spouse and either by interring a deceased stranger in that plot or giving away a right to a stranger to be interred in that plot.

37.  Defendant National Harmony Memorial Park breached the duty mentioned above by negligently failing to inter Plaintiff's spouse in an agreed upon and known plot, the plot previously contracted upon and causing the Plaintiff not to ascertain of the whereabouts of her beloved husband's remains.

38.  Defendant National Harmony Memorial Park breached the duty mentioned above by negligently failing to inter Plaintiff's decedent son in the burial plot directly beside her predeceased spouse causing her to face the intolerable choice of either disinterring and re-interring one or both of her beloved so as they can rest alongside each other OR not de-interring them and painfully allowing them to rest apart from one another contrary to the family wishes.

39.  Defendant's negligence as described above caused plaintiff to suffer increased emotional pain and suffering during a most difficult and trying time in her life and deprived her of the peace and tranquility of a fit and proper burial for Plaintiff's decedents in their proper eternal resting place.

40. Defendant National Harmony Memorial Park's conduct as described above evinced a total want of care and a reckless indifference to the survivor of Plaintiff's decedent, the Plaintiff in this action.

41.  As a direct and proximate result of the Defendant National Harmony Memorial Park's negligent infliction of emotional distress, Plaintiff have been caused to suffer extensive and lasting damages including, but not limited to, negligent infliction of emotional distress.

42.  As alleged above, plaintiff's cause of action is based on defendant's negligent infliction of emotional distress. The negligent infliction of emotional distress occurred at least from January 1, 2004 and continues until today.  However, its very nature was such that plaintiff could not reasonably be expected to have discovered it until March 2004,  since the facts are not clear about where the bodies were interred. Accordingly, under the discovery rule, the year limitations period did not begin to run. Defendant therefore cannot assert the Statute of Limitations as a bar to this action.

## FIFTH CAUSE OF ACTION
## FRAUD AND/OR NEGLIGENT MISREPRESENTATION

43. Plaintiff re-alleges Paragraphs 1 through 44 of this complaint as if set forth in full here.

44.  Defendant National Harmony Memorial Park did not in fact inter Plaintiff's decedent in the burial plot designed for him by the validly executed contract described above, but instead interred him in an unknown plot and interred another deceased stranger person in the burial plot designed for Plaintiff's decedent.

45.  The Defendant National Harmony Memorial Park represented to the Plaintiff by affirmation or omission that no error had been committed and that Plaintiff's decedent was interred in the proper burial plot. In an effort to conceal the error, Defendant National Harmony Memorial Park allegedly and deceitfully altered the cemetery records to reflect that Plaintiff's decedent was interred in plot number Magnolia L1 instead of plot number Magnolia L2.

46.  The fraudulent representations described above were intentionally done by Defendant National Harmony Memorial Park in order to induce Plaintiff into believing that Plaintiff's decedent had been properly interred and to further induce them

to relinquish their contractual right to have Plaintiff 's decedent interred in plot number Magnolia L2, the properly designated burial site.

47.  The representations made by the Defendant National Harmony Memorial Park were in fact false in that the burial contract executed by Plaintiff Lela Tolbert clearly states that Plaintiff's decedent was to be buried in plot number Magnolia L2; the properly designated burial site.

48.  Defendant National Harmony Memorial Park, by and through its agents and employees, knew that the statements and representations concerning the burial of Plaintiff's decedent were false.

49.  Defendant National Harmony Memorial Park later admitted its error after much heated and prolonged debate and denial.

50.  At the time of contracting Plaintiff and her husband relied to their detriment on the statements and representations made by the Defendant National Harmony Memorial Park and also Plaintiff, after the time of contracting, relied to her detriment on the statements and representations made by the Defendant National Harmony Memorial Park and its agents and employees.

51.  As a direct and proximate result of the Defendant National Harmony Memorial Park's fraud, (and in the alternative, negligent misrepresentation), plaintiff has been caused to suffer extensive and lasting damages including, but not limited to, the following:

    a. Serious emotional distress;
    b. Severe mental anguish;
    c. Pain and suffering, and
    d. Loss of sleep

52.  As a result of the matters alleged above, Plaintiff has been damaged  of  $

1,000,000.  Plaintiff requests Compensatory damages for both fraud and negligent

misrepresentation in an amount to be proven at trial, but believed to approximate $

1,000,000 or more;

Punitive damages for fraud as may be appropriate from Defendant to deter in the future

the described wrongful and fraudulent conduct;  Prejudgment interest; and

And such other and further relief as the court may deem just and proper.

   53.  As alleged above, plaintiff's cause of action is based on defendant's

fraud. The fraudulent act occurred on December 31, 2003.   However, its very nature was

such that plaintiff could not reasonably be expected to have discovered it until March 5,

2004 since the facts are not verify or confirm by the cemetery officially until today.

Accordingly, under the discovery rule, the year limitations period did not begin to run.

Defendant therefore cannot assert the Statute of Limitations as a bar to this action.

**SIXTH CAUSE OF ACTION**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH**

   54. Plaintiff incorporates by reference the allegations in Paragraphs 1 through

55 of this complaint as if set forth in full here.

   55.  Defendant has breached the covenant of good faith and fair dealing

implied in the contract mentioned above by failing to disclose and concealing from

Plaintiff the fact that the Plaintiff's decedent was not buried in plot number Magnolia L2;

the properly designated burial site.

   56.  Plaintiff did not discover Defendant's breaches of the contract until filing

of this case, although Plaintiff suspects that Defendant breaches the contract back in

March 5, 2004.

   57.  Plaintiff is justified in not having discovered Defendant's breaches earlier

13

because the breaches were concealed by defendant and arose out of the fact that they were not apparent on visual inspection of the property.

58.   As a direct and proximate result of the Defendant National Harmony Memorial Park's breach of the contract, Plaintiff have been caused to suffer extensive and lasting damages as set above.

59.   As alleged above, plaintiff's cause of action is based on defendant's breach of implied covenant of good faith. This breach occurred on December 31, 2003. However, its very nature was such that plaintiff could not reasonably be expected to have discovered it until filing of the case, since the facts are not able to be verified by Plaintiff. Accordingly, under the discovery rule, the year limitations period did not begin to run. Defendant therefore cannot assert the Statute of Limitations as a bar to this action.

## SEVENTH CAUSE OF ACTION
### TRESPASS

60. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 61 of this complaint as if set forth in full here.

61. The acts of the Defendant have caused significant amount of water to be deposited on and beneath the plot without plaintiff's knowledge and consent in a manner that has caused significant damages.

62.   Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendant knew or should have known that by not protecting the plot from migration of water and allowing the release of water would result in the entry of water and foreign matter at and beneath the plot.

63.   Plaintiff has possessory interest in the property. The continuous migration of water through the soils at and beneath the plot constitute a wrongful entry

14

onto the property.

64.  Plaintiff was not aware of the Defendant's wrongful entry onto the property until filign of this case, because defendant intentionally failed to prevent and failed to clean up the water on the property.

65.  As a direct and proximate result of the continuous trespass, Plaintiff has incurred and will continue to incur expenses, losses,, and damages, as set forth above. Also, because the Plaintiff's beloved relative is buried underneath the property, the Plaintiff has been caused to suffer extensive and lasting damages including, but not limited to, the following:

a. Serious emotional distress;
b. Severe mental anguish;
c. Pain and suffering, and
d. Loss of sleep

66.  As alleged above, plaintiff's cause of action is based on defendant's trespass. The trespass occurred on January 2004.  However, its very nature was such that plaintiff could not reasonably be expected to have discovered until the filing. Accordingly, under the discovery rule, the year limitations period did not begin to run. Defendant therefore cannot **assert** the Statute of Limitations as a bar to this action.

### EIGHT CAUSE OF ACTION
### NUISANCE

67. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 68 of this complaint as if set forth in full here.

68.  The act of not protecting the plot and its soil from water where a duty arises and or the release of significant amount of water to be deposited on and beneath the plot has unreasonably and substantially interfered with and obstructed Plaintiff's free use, visitation of her beloved, and enjoyment of the property/plot, hereby constituting a

nuisance.

69.  Defendant has neglected to abate the nuisance and thus it became also a continuous nuisance.

70.  Plaintiff has not consented and does not consent to this nuisance. Defendant knew or should have known that Plaintiff did not consent to the nuisance.

71.  Because the nuisance created by Defendant involves surface and most of it subsurface migration and /or contamination of water, Plaintiff did not learn of the nuisance until March 2004.

72.  As a direct and proximate result of the continuous nuisance, Plaintiff has incurred and will continue to incur expenses, losses, and damages, as set forth above. Also, because the Plaintiff's beloved relative is buried underneath the property, the Plaintiff has been caused to suffer extensive and lasting damages including, but not limited to, the following:

    a. Serious emotional distress;
    b. Severe mental anguish;
    c. Pain and suffering, and
    d. Loss of sleep

Defendant had actual knowledge of the defective conditions of the plot and nuisance Defendant created at the plot. The conduct of defendant in causing, or preventing harm where a duty arises, and failing to abate the nuisance demonstrates a willful and conscious disregard for the rights of others to ensure that their beloved dead relatives are not disturbed. Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount sufficient to deter future such activity.

Such other and further relief as the court may deem just and proper.

73. As alleged above, plaintiff's cause of action is based on defendant's

nuisance. The nuisance occurred on January 1, 2004 and continues until the filing of the

case. However, its very nature was such that plaintiff could not reasonably be expected to

have discovered.  Accordingly, under the discovery rule, the year limitations period did

not begin to run. Defendant therefore cannot assert the Statute of Limitations as a bar to

this action.

**NINTH CAUSE OF ACTION**
**CONVERSION**

74. Plaintiff incorporates by reference the allegations in Paragraphs 1 through

75 of this complaint as if set forth in full here.

75.  Plaintiff, Lela Tolbert, is the widow of Leroy Tolbert of the decedent,

alleges:

76.  Defendant National Harmony Memorial Park is a corporation organized

and existing under the laws of the State of Maryland and licensed to do business as a

cemetery. At all times material to this action, defendant National Harmony Memorial

Park operated, controlled, and maintained a cemetery known as the National Harmony

Cemetery in the City of Largo, County of Prince George,State of Maryland.

77.  On the dates and times in question, defendant had possession of the body

of the decedent to inter it pursuant to the contract described above, and was therefore a

bailee of decedent's body, and Plaintiff was bailor. The bailment was for the mutual

benefit of bailor and bailee and was based on the consideration set forth.

Pleading further in the alternative, defendant was under a duty to discharge, in a

reasonable manner, all of the duties and obligations imposed on a bailee who is in a

possession of property, and such duty was breached by the manner and method in which

defendant held, possessed, and interred the body [property] of the decedent.

78. The defendant wrongfully interred the decedent's body in unknown plot, if any.

79. The plot, if any, is still unknown to plaintiff.

80. When the plaintiff discovered the wrongful acts of defendant, plaintiff asked defendant for the whereabouts of her beloved husband's body and demanded that defendant return the body to the contracted upon spot. Defendant informed plaintiff that the body was buried is a different spot but could not reasonably prove this fact to plaintiff.

81. As a direct and proximate result of the conversion, Plaintiff has incurred and will continue to incur expenses, losses, and damages, as set forth above. Also, because the Plaintiff's beloved relative is wrongfully buried somewhere, the Plaintiff has been caused to suffer extensive and lasting damages including, but not limited to, the following:

   a. Serious emotional distress;
   b. Severe mental anguish;
   c. Pain and suffering, and
   d. Loss of sleep

Defendant had actual knowledge of this wrongful act of conversion. The conduct of defendant is willful and conscious disregard for the rights of others to ensure that their beloved dead relatives are not disturbed. Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount sufficient to deter future such activity.

Such other and further relief as the court may deem just and proper.

82. As alleged above, plaintiff's cause of action is based on defendant's conversion. The conversion occurred on January 1, 2004. However, its very nature was such that plaintiff could not reasonably be expected to have discovered it until ater.

Accordingly, under the discovery rule, the year limitations period did not begin to run.

Defendant therefore cannot assert the Statute of Limitations as a bar to this action.

## TENTH CAUSE OF ACTION
## PROFESSIONAL MALPRACTICE

83. Plaintiff incorporates by reference the allegations in Paragraphs 1 through

84 of this complaint as if set forth in full here.

84. Plaintiff, Lela Tolbert, is the widow of Leroy Tolbert of the decedent,

alleges:

85. Defendant is the director of National Harmony Memorial Park, a

corporation organized and existing under the laws of the State of Maryland and licensed

to do business as a cemetery. At all times material to this action, defendant Sharon

Howard [name of director] operated, controlled, and maintained a cemetery known as the

National Harmony Cemetery in the City of Largo, County of Prince George, State of

Maryland.

86. Defendant Sharon Howard or the John/Mary Doe, the director of the

cemetery National Harmony Cemetery is licensed to practice in the field of burial; a

regulated profession.

Defendant, Director Sharon Howard, or John/Mary Doe had a duty to use reasonable and

due care in performing its obligation to inter Plaintiff's decedent.

87. Defendant, Director Sharon Howard or John/Mary Doe breached the duty

mentioned above by negligently failing to inter Plaintiff's decedent son in the burial plot

directly beside her predeceased spouse and either by interring a deceased stranger in that

plot or giving away a right to a stranger to be interred in that plot.

88. Defendant, Director Sharon Howard or John/Mary Doe breached the duty

mentioned above by negligently failing to inter Plaintiff's spouse in an agreed upon and known plot, the plot previously contracted upon and causing the Plaintiff not to ascertain of the whereabouts of her beloved husband's remains.

89. Defendant, Director Sharon Howard or John/Mary Doe breached the duty mentioned above by negligently failing to inter Plaintiff's decedent husband in the contracted upon plot and failing to inter plaintiff's son in the burial plot directly beside her predeceased spouse causing her to face the intolerable choice of either disinterring and re-interring one or both of her beloved so as they can rest alongside each other OR not de-interring them and painfully allowing them to rest apart from one another contrary to the family wishes.

90. As a result of the above conduct, Defendant, Director Sharon Howard or John/Mary Doe who held himself and/or herself out to the public as possessing specialized and greater than ordinary knowledge and skill in the field of burial, had a duty to deal with plaintiff with the reasonable care, skill, and diligence ordinarily possessed by directors of cemeteries specializing in the field of burial under similar circumstances.

In the alternative, if it is found that Defendant, Director Sharon Howard or John/Mary Doe is not holding himself or herself out to the public as possessing specialized and greater than ordinary knowledge and skill in the field of burial, then this director should be judged under the community or locality standard, which is to bury plaintiff's close and beloved relatives with the reasonable care, skill, and diligence ordinarily possessed and exercised by other directors of cemeteries in the community in similar circumstances.

91. Defendant, Director Sharon Howard or John/Mary Doe breached his/her

duty as described above.

92. As a direct and proximate result of the breach of duty of care, Plaintiff has

incurred and will continue to incur expenses, losses, and damages, as set forth above.

Also, because the Plaintiff's beloved relative is wrongfully buried somewhere, the

Plaintiff has been caused to suffer extensive and lasting damages including, but not

limited to, the following:

    a. Serious emotional distress;
    b. Severe mental anguish;
    c. Pain and suffering, and
    d. Loss of sleep

93. As alleged above, plaintiff's cause of action is based on defendant's

professional malpractice. The professional malpractice occurred on January 1, 2004.

However, its very nature was such that plaintiff could not reasonably be expected to have

discovered it until March 2004 or later, since the facts are never verified or confirmed by

the National Harmony Memorial Park.

Accordingly, under the discovery rule, the year limitations period did not begin to run.

Defendant therefore cannot assert the statute of limitations as a bar to this action.


Respectfully Submitted,


_____
B. Marian Chou, Esq. (#433279)
Attorney for Lela Tolbert
800 7th St., N.W., #201
Washington, D.C., 20001
bmchou@mindspring.com

**I, Leila Tolbert, hereby swear that I have read the above complaint and believe that the statements are true to the best of my knowledge.**

_____
**Leila Tolbert            Date**


_____
NOTARY                date

*8-07-94 RWR*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Lela Tolbert

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  DC  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

National Memorial Parks, Stewart Funeral home
John Doe Funeral Director.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER  1:07CV00094

JUDGE: Richard W. Roberts

DECK TYPE: Personal Injury/Malpracti

DATE STAMP: 01/16/2007

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

B. Marian Chou    202 783-2794
800 7th St NW #201   Washington DC 20001

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
☐ 2 U.S. Government Defendant
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☒ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other)  OR  ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| □ **G.** *Habeas Corpus/ 2255*<br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H.** *Employment Discrimination*<br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ **I.** *FOIA/PRIVACY ACT*<br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ **J.** *Student Loan*<br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K.** *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ **L.** *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M.** *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N.** *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1332

*Negligence, Gross negligence, malpractice, emtional distress*

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES  ☒ NO    If yes, please complete related case form.

DATE 01-16-07    SIGNATURE OF ATTORNEY OF RECORD *B. Marian Chou, Esq.*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.