IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LELA TOLBERT | * |
|     Plaintiff | * |
| v. | *   Civil Court Action No: 1:07CV00094 RWR |
| NATIONAL HARMONY MEMORIAL PARK, et al. | * |
|     Defendants | * |

\*   \*   \*   \*   \*   \*      \*   \*   \*   \*   \*

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

COMES NOW, National Harmony Memorial Park, Stewart Enterprises, Inc. and John/Mary Doe/Funeral Director at Harmony Park, by and through their attorneys, Jennifer. S. Jackman and Whiteford, Taylor & Preston L.L.P., with their Motion to Dismiss Plaintiff's Complaint and, in support thereof, state as follows:

1. Plaintiff's Complaint against Defendants should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because all claims asserted are barred by the statute of limitations.

2. Defendants adopt and incorporate the accompanying memorandum as though fully set forth herein.

WHEREFORE, Defendants National Harmony Memorial Park, Stewart Enterprises, Inc. and John/Mary Doe/Funeral Director at Harmony Park respectfully request this honorable Court to dismiss the Complaint against them with prejudice and for such other relief as this Court deems appropriate.

                                          Respectfully submitted,

                                   _____//s//_____
                                   Jennifer S. Jackman (#466922)
                                   Whiteford, Taylor & Preston L.L.P.
                                   1025 Connecticut Avenue, NW
                                   Suite 400
                                   Washington, DC  20036-5405
                                   (202) 659-6800
                                   (202) 331-0573 (facsimile)

                                   Attorneys for Defendants

## CERTIFICATE OF SERVICE

     Pursuant to Local Rule 5.4(d), service of the pleading was made electronically through the Court's CM/ECF filing of the pleading.

                                   _____//s//_____
                                   Jennifer S. Jackman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LELA TOLBERT | * | |
| Plaintiff | * | |
| v. | * | Civil Court Action No: 1:07CV00094 RWR |
| NATIONAL HARMONY MEMORIAL PARK, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS COMPLAINT

COMES NOW, National Harmony Memorial Park, Stewart Enterprises, Inc. and John/Mary Doe/Funeral Director at Harmony Park, by and through their attorneys, Jennifer. S. Jackman and Whiteford, Taylor & Preston L.L.P., with their Memorandum in Support of Motion to Dismiss Plaintiff's Complaint and, in support thereof, states as follows:

### I.   INTRODUCTION

Plaintiff's Complaint should be dismissed because the claims are barred by the applicable statute of limitations. Plaintiff claims that she buried her husband, Leroy Tolbert, on or about October 9, 2001, at National Harmony Memorial Park. She further claims that, on January 7, 2004, she buried her son, Rodney Tolbert, at the same cemetery and allegedly learned on that date that Mr. Tolbert was buried in a different plot then originally contracted for. Plaintiff's Complaint contains claims for (1) Breach of Contract, (2) Negligence, (3) Intentional Infliction of Emotional Distress, (4) Negligent Infliction of Emotional Distress, (5) Fraud and/or Negligent Misrepresentation, (6) Breach of Implied Covenant of Good Faith, (7) Trespass, (8) Nuisance,

(9) Conversion, and (10) Professional Malpractice.  Plaintiff filed the instant suit on January 16, 2007.  The applicable statute of limitations for all of the above-noted claims is three years.  All of Plaintiff's claims are outside the applicable statute of limitations and must be dismissed.

## II.    ARGUMENT

### A.    Standard for Motions to Dismiss Brought Under Rule 12(b)(6)

A Rule 12(b)(6) Motion to Dismiss tests the legal sufficiency of a complaint.  *Sullivan-Obst v. Powell*, 300 F. Supp.2d 85 (D.D.C 2004); *Chandamuri v. Georgetown University*, 274 F. Supp. 2d 71 (D.D.C. 2003).  In resolving such a motion, the Court must treat the complaint's factual allegations as true and draw all *reasonable* inferences therefrom in the plaintiff's favor.  *Id.*  The claim must be dismissed if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."  *Chandamuri*, 275 F.Supp.2d at 77.

### B.    Plaintiff's Complaint Against Defendants Is Barred By the Statute of Limitations.

Plaintiff's entire Complaint against Defendants is barred by the statute of limitations.  The causes of action outlined in the Complaint all arose in Maryland (taking the facts as alleged in the Complaint, National Harmony Memorial Park is located at 7101 Sheriff Road in Landover, Maryland; the contract between the parties was entered into in Maryland; all actions alleged in the Complaint arose in Maryland); therefore, Maryland substantive law applies.  As such, all of Plaintiff's claims are barred by the applicable three year statute of limitations under Maryland law.  See MD Ann. Code, Cts. & Jud. Proc. §5-101 ("A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced").  The limited exceptions to the

three year statute of limitations (i.e., an action on a promissory note, public officer's bond, adverse possession, etc.) are not applicable here.

Plaintiff admits in paragraph 5 of her Complaint that she learned of the basis for her Complaint on **January 7, 2004**. See Complaint. It is clear from the court's docket that the Complaint in this matter was not filed until **January 16, 2007**. Taking Plaintiff's allegations in her Complaint on their face, Plaintiff did not file suit against Defendants before the statute of limitations expired. Accordingly, Plaintiff's claims against Defendants are barred by the applicable statute of limitations.

**WHEREFORE**, for all of the foregoing reasons, Defendants National Harmony Memorial Park, Stewart Enterprises, Inc. and John/Mary Doe/Funeral Director at Harmony Park, request that this Honorable Court dismiss the Complaint against them with prejudice and for such other relief that this Court deems appropriate.

        Respectfully submitted,

        _____//s//_____
        Jennifer S. Jackman (#466922)
        Whiteford, Taylor & Preston L.L.P.
        105 Connecticut Avenue, NW
        Suite 400
        Washington, D.C. 20036-5405
        202.659.6800
        202.331.0573 (facsimile)

        Attorneys for Defendants

*198434*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LELA TOLBERT                                    *

    Plaintiff                                  *

v.                                              *  Civil Court Action No: 1:07CV00094 RWR

NATIONAL HARMONY MEMORIAL                       *
PARK, et al.

    Defendants                                 *

    *   *   *   *   *   *   *   *   *   *   *

## **ORDER**

THIS MATTER having come before the Court on Defendants, National Harmony Memorial Park, Stewart Enterprises, Inc. and John/Mary Doe/Funeral Director at Harmony Park, Motion to Dismiss Amended Complaint, it is hereby

ORDERED, that the Defendants' Motion is hereby GRANTED.

IT IS SO ORDERED.

                                                                                                                   _____
                                                                                                                   Judge Richard W. Roberts

Copies to:

Jennifer S. Jackman, Esq.
Whiteford, Taylor & Preston
1025 Connecticut Avenue, N.W. Suite 400
Washington, D.C.  20036

B. Marion Chou, Esquire
800 - 7th Street, N.W., Suite 201
Washington, D.C.  20001

*198436*