IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Lela Tolbert | * | |
| | * | |
| Plaintiff | * | 1:07CV 00094RWR |
| | * | |
| /v./ | * | Honorable Roberts |
| National Harmony Memorial Park, et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Plaintiff's Opposition to Defendant's Motion to Dismiss**

Comes now, Lela Tolbert, Plaintiff, by and thru her counsel, B. Marian Chou, Esq., opposes the Motion to dismiss and states as follows:

**I.   The Court should be able to apply the D. C. laws and rules in this case, even if the Defendant is physically located in Maryland**

Plaintiff is a D.C. resident for years. Plaintiff has to bury her husband in 2001 and later her son in 2004 in the same cemetery. Plaintiff has chosen the D.C. Court to initiate the case. Plaintiff agrees that there is a "choice of law" question in this case. Nevertheless, Plaintiff urges the Court to apply D.C. law, instead of Maryland law because Plaintiff is entitled to equitable and proper judicial relief and protection as a resident in D.C.. Further, Defendant is a corporation which solicited business in all the jurisdictions in this area. Defendant should have expectation to be a party in any of the fifty states of the United States. The Court is not bound to apply Maryland law in this case.

Even if the Court wants to apply the Maryland law, the Court should also look into the fraudulent pattern of behavior that Defendant has conducted in the funeral business practice. In other words, there are other elements could and should have

1

exceptions to the "statute of limitation" in Maryland statute, particularly the concealment and withholding important information from Defendant to Plaintiff.

Plaintiff is not in the business to re-inter the coffin or body from the ground without proper authorization from authorities or even cemetery. Plaintiff has tried to collect proper information by herself before she retained any legal service. The big corporation, the parent company of NHMP was not and will not provide accurate information to Plaintiff. Even after retaining an attorney, Defendant is still not willing to re-inter the coffin/body. The calculation of statute of limitation in this case should be calculated on the different causes of actions. In other words, the negligence claim should not be the same date as Defendant's attorney claim. There are other causes of action in this case, including but not limited to fraud, conversion, professional malpractice and other causes of action.

II. **The Court should not dismiss the case on one possible issue of the "statute of limitation" on breach of contract**

Defendant conveniently asserted that the statute of limitation has run. However, Defendant cannot affirmatively state that Plaintiff "discovered" the concealment of information as "January 7, 2004". In fact, Plaintiff prepared an affidavit, along with a letter from National Harmony Memorial Park (NHMP) to substantiate her belief of concealing important facts to avoid any consequence or business loss and embarrassment. Plaintiff was not aware of her husband's burial lot was not "L2" until she buried her son. Plaintiff was so sad in 2001 and could not stay at the cemetery to observe the lowering of her husband's coffin. Plaintiff noticed the tombstone was her husband on L2 around December 31, 2003, but

could not ascertain the whole truth and location of her husband's burial lot until February 12, 2004.

Plaintiff has tried to obtain information from NHMP after January 7, 2004. She could not possibly realize any other of causes of action until she had some knowledge of it. In addition, NHMP has never offered any remedy to Plaintiff in the last few years. Ms. Tolbert has suffered the pain without knowing the exact burial spot that her husband's location. *See Exhibit 1-Affidavit.*

**III.** **There are other causes stated in the complaint**

Defendant pointed out the date of burial of Plaintiff's son. Defendant did not point out that Ms. Tolbert was not fully aware of the dynamic of the whole case until much later on. When Ms. Tolbert received the letter from Defendant's employee, along with enclosure, then, she comprehended that her deceased family members were buried in the different burial lots than the original contracts stated. Had not been the Defendant's concealment of truth, she would know whereabouts of her family members. See *Exhibit 2, 3,&4 (Attention and \*\* mark were added and handwritten by Plaintiff's counsel to Defendant's counsel).* Plaintiff received the letter after February 10, 2004 with some enclosed documents. Plaintiff can puzzle the whole thing into one big picture to pursue the justice for her deceased family members.

**IV.** **The Court should allow Plaintiff to proceed at least the "discovery rule" should be applied**

Plaintiff believes that she is entitled to proceed this case on the merits because there are genuine issues of the case. Plaintiff also believes that she did not discover the whole scheme until on or about February 12, 2004. See Exhibit 5.

3

Plaintiff did not have knowledge where her deceased husband buried until she found out the mistake from burying her son. She went to the same burial site two years, believing that was her husband's grave site, before she buried her son on L2. Merely arousing suspicion is not enough to be treated as the basis to have right to sue any party. Plaintiff believes that the burial lots "mistake" is not incidental, but a pattern of practice to fool its customers and surviving family members.

The funeral homes and cemeteries are highly regulated business in most jurisdiction. The NHMP should not cross the L2 and put L1 on the form without informing and getting consent from Plaintiff first. The concealment is continuous act from 2001 until February 2004. Had Ms. Tolbert did not initiate her quest to find out the truth of the locations, she would never know. Had Ms. Tolbert not lost her son, she would believe that L2 still buried her deceased husband. Has Plaintiff not asked for NHMP for some documents, she would never find out L2 was crossed out and put L1 but someone. Plaintiff has never informed or consented her deceased husband buried in L1.

For the reasons stated above, along with affidavit and supporting documents, Plaintiff requests the Court to deny Defendant's motion and order Defendant answer within five business days.

                                      Respectfully Submitted,

                                      /s/

B. Marian Chou, Esq. (#433279)
Attorney for Plaintiff Tolbert
800 7th St., N.W., #201
Washington, D.C., 20001
202-783-2794;898-1992
bmchou@mindspring.com

<u>Certificate of Service</u>

Pursuant to local rule 5.4(d), service of the opposition was made electronically through the Court's CM/ECF filing of the pleading on March 28, 2007.

                        /s/
                  B. Marian Chou

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Lela Tolbert | * | |
| | * | |
|    Plaintiff | * | 1:07CV 00094RWR |
| | * | |
| /v./ | * | Honorable Roberts |
| National Harmony Memorial Park, et al. | * | |
| | * | |
|    Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

Upon consideration of merits of case, opposition and reviewing evidence from Plaintiff, it is hereby ordered that Defendant's "Motion to dismiss" should be denied. It is further ordered that the Defendant should answer the complaint within five (5) business days after this order is entered.

    So Ordered!

                                                                                                   _____

                                                                                                   Judge Richard W. Roberts

Cc:  Ms. B. Marian Chou, Esq.
      Attorney for Plaintiff
      800 7th St., N.W., #201
      Washington, D.C., 20001

     Ms. Jennifer S. Jackman, Esq.
     Whiteford, Taylor & Preston
     1025 Connecticut Ave., N.W., #400
     Washington, D.C., 20036

In the United States District Court
For the District of Columbia

| | | |
|---|---|---|
| Lela Tolbert | * | |
| | * | |
| Plaintiff | * | Civil Action: 1:07CV 00094 |
| | * | |
| v. | * | |
| | * | |
| National Harmony Memorial Park, | * | Honorable Richard W. Roberts |
| et al. | * | |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Affidavit by Lela Tolbert**

Lela Tolbert, Plaintiff, hereby affirms to state to the Court about the time line of what has happened in 2004.

1. My son died in December 2003. I buried him on January 7, 2004 in the National Harmony Memorial Park (NHMP) cemetery, Magnolia area L2.

2. I also buried my husband in the same cemetery in 2001 at Magnolia area L2.

3. I noticed that my son's burial lot has my husband's tombstone. I asked the cemetery to clarify. They informed me that my husband was not buried in the lot, L2, but others for the first time.

4. Due to the time pressure, I had to bury my son and I viewed the lowering the coffin on January 7, 2004.

5. After the burial of my son, I inquired NHMP staff members and representatives/director the details of burial lots of both my deceased husband and son.

6. Although I demanded the information from NHMP, NHMP was not very cooperative to provide me information per my request.

7. On about February/2, 2004, I finally received a letter, dated February 2, 2004 from the NHMP and with some documents. *See Exhibit 1.*

8. After I reviewed all the documents, then, I realized that NHMP did not tell me the truth about the two contracts and NHMP tried to hide information from me about the burial lots of my deceased husband and son.

9. Up to today, I am not sure where my husband actually buried.

10. Up to today, I did not put the tombstone of my son up due to NHMP refusal to tell me where my husband is.

11. From 2001 until present, I have never been asked by the NHMP to re-inter my husband's coffin/body.

12. Up to today, I have never authorized NHMP to bury my husband other than Magnolia area, L2, at NHMP.

Under the perjury of law, I hereby affirm that the above statement is true to the best of my knowledge.

_____  3-27-07
Lela Tolbert               Date


_____  3/27/07
Notary                     Date

District of Columbia: SS
Subscribed and Sworn to before me, in my presence, this 27th day of March, 07
_____
Notary Public, D.C.
My Commission Expires 4-30-2010

- ☐ Cedar Hill Cemetery
- ☐ Druid Ridge Cemetery
- ☐ Hillcrest Memorial Gardens
- ☐ Crest Memorial Gardens
- ☐ Parkwood Cemetery
- ☐ Parklawn Memorial Park & Menorah Gardens
- ☐ Loudon Park Cemetery
- ☐ Highview Memorial Gardens
- ☐ Fort Lincoln Cemetery
- ☐ Harmony Memorial Park

Account No. _____
Contract Code _____

Ex 2

THIS AGREEMENT made this ____ day of _October_____, _____, by and between The Cemetery, hereinafter called "Seller" and

PURCHASER _Lela Talbert_____  S.S.#: _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_
TELEPHONE _20-582-0172_

ADDRESS _1113 46th Pl SE Washington DC  20019_
         Street                City                State   Zip Code

Name of Deceased: _Lela Talbert Leroy Talbert_ → attention

Description of Interment Rights: _____

### SERVICE AGREEMENT

| | | |
|---|---|---|
| Burial Rights | 1 Burial Right Magnolia L 2 | $ 875.00 |
| Professional Service Fee | Open & Closing | 695.00 |
| Memorialization - Type | Bronze Memorial | 1,015.00 |
| Size 24 x 14 | Design | |
| Memorial Base - Type | | 190.00 |
| Size 28 x 18 | Color | |
| Memorial Installation/Inspection Fee | | 402.60 |
| Outer Burial Container - Material | Standard Vault | 995.00 |
| Model | Supplier | |
| Urn | | |
| Type | Size | |
| Flower Vase - Type | | |
| Nameplate | | |
| Lettering | | |
| Other | Vault INS | 105.00 |
| Administrative Allocation | | 3.00 |
| Sales Tax | | 60.25 |
| **TOTAL CASH PRICE** | | $ 4360.85 |
| LESS: | | |
| Down Payment Cash | $ | |
| Other Credit | $ | |
| Total Down Payments | | $ |
| UNPAID BALANCE OF CASH PRICE | | $ |

**REMARKS**

### TERMS - CASH SALE

The Total Cash Price is due and payable as of the date of this Agreement. A delinquency charge of ____ percent will be assessed monthly on any balance not paid within 30 days of the date of this Agreement. If less than full payment is received, Seller shall deduct the accrued delinquency charge from the amount received, and credit the remainder of the payment received to the Unpaid Balance.

Seller will retain title until the Total Cash Price, together with any delinquency charges thereon have been paid by Purchaser to Seller. Seller also will retain a security interest in merchandise being purchased above.

Purchaser agrees that all rights conveyed under this Agreement are subject to, and Purchaser agrees to at all times comply with, the present (and as may be hereafter adopted amended or altered) Rules, Regulations and Bylaws of Seller, which are available for examination in Seller's Office.

Signed this ____ day of _October 2001_

Purchaser _____        By _Noyes Aldrich #4246_
                Relationship      Counselor _____
Purchaser _____
                Relationship

Ex. 3

# INTERMENT AUTHORIZATION

File / Deed No. 2300.00.**10071**

Agreement No. _____

5240
/01

...ersigned hereby request and authorize: __Harmony Memorial__
(Cemetery Name)

...ccordance with and subject to its rules and regulation to Inter the remains of:

NAME OF DECEDENT: __Leroy Tolbert  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__ Age: __56__   Sex: __Male__
(Social Security No.)

Address: __1113 46th Pl SE Washington__

Date of Birth: __7/11/45__   Date of Death: __10/3/01__   Veteran? ☐ Yes ☒ No   Branch: _____   War: _____

Funeral Home: __Jenkins__   Director: __Lula__   Tel. __301-322-2300__   Fax No. _____

Description of Interment Location:                                        per KP → attacker

Section/Crypt: __Magnolia__   Unit/Block: __L__   Lot/Level: __2__   Space/Crypt: _____

Name of Lot Owner: __Lela Tolbert__   Address: __1113 46th Pl SE Washington DC__

Place of Service: __Church__   Day: __Tuesday__   Date: __10/9/01__   Time: __11__

Type of Cemetery Service: __Full__   Day: __Tuesday__   Date: __10/9/01__   Time: __11__

Type of Outer Burial Container: __Standard Vault__   Size: _____   Supplier: _____

Bill Funeral Home for: Outer Burial Container $_____   Interment Fee $_____

Existing Memorial on Lot?   ☐ Yes ☐ No   Description: _____

Regular Depth ☐   Extra Depth ☐

Remarks: _____

The I/We undersigned hereby certify that I/We are the legal custodian(s) of the herein named deceased, having the full legal authority to direct the inte entombment or inurnment or the remains of the deceased, and hereby authorize the above named cemetery to make disposition of the remains deceased as indicated. The I/We undersigned hereby further certify and represent that I/We are the owner(s) or authorized representative(s) of the owne the above described Interment Rights and hereby authorize use of said Interment Rights for the interment, entombment or inurnment of the remains herein named deceased. Cemetery is hereby authorized to install any outer burial container purchased in connection with this interment in the described Interment Rights.

The I/We undersigned hereby agree to indemnify and hold harmless the cemetery, its agents, Shareholders, Affiliates, Officers, Directors and employee any and all liability, including reasonable attorney's fees, and against any loss it or any of them may sustain in connection with the interment, entomb inurnment authorized hereunder. Further, I/We agree that this cemetery shall have the right to correct any error in this interment, as its own expense, liability for such error.

__[signature]__                          __Lela Tolbert__           __Wife__
(Signature of Authorized Representative)   (Print Name)              Relationship to Deceased
__1113 46th Pl SE Washington DC__         __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__           __202-583-____
(Address: Street - City - State - Zip code) (Social Security No.)    Telephone No.

__[signature]__                          __Lela Tolbert__           __Wife__
(Signature of Authorized Representative: "Legal Custodian")  (Print Name)   Relationship to Deceased
__1113 46th Pl SE Washington DC__         __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__           __202-583-____
(Address: Street - City - State - Zip code) (Social Security No.)    Telephone No.

Family Verification: __[signature]__                    Date: _____   Comments: _____
Order Taken By: __Najee Abdullah__                       Location Checked and Verified By: _____
Superintendent Notified: ☐ Yes ☐ No By: _____            Superintendent's Verification: _____
Recorded By: _____                                        Date: __10/5/01__
☐ Index Card   ☐ Lot Block/Book   ☒ Computer   ☐ Lot Card   ☐ Map   ☐ Interment Record/Register Boo

| | Section: Magnolia |
|---|---|
| Interment Fee | $_____ |
| Weekend/Holiday | $_____  Lot: L |
| Overtime Charge | $_____ |
| Admin. Fee | $_____  Space: 2 |
| | $_____ |
| TOTAL | $_____ |

☐ Cedar Hill Cemetery ☐ ... Memorial Gardens ☐ ... Park Cemetery  
☐ Druid Ridge Cemetery ☐ Parkwood Cemete... ☐ Fort Lincoln Cemetery  
☐ Hillcrest Memorial Gardens ☐ Parklawn Memorial Park & ☐ Harmony Memorial Park  
　　　　　　　　　　　　　　Menorah Gardens

Account No _____  
Contract Code _____

Ex. 4

THIS AGREEMENT made this ____ day of _December_____, ____, by and between The Cemetery, hereinafter called "Seller" and

PURCHASER _Mr. John Tolbert_　　　　　　S.S.#: _529-66-____  
ADDRESS _1113 ___ St._　_____ D.C._ _____　TELEPHONE _____  
　　　　Street　　　　　City　　　　State　　Zip Code

Name of Deceased: _Loretta Tolbert_

Description of Interment Rights: _(illegible)_

_Received (illegible) 1-3-__

## AT-NEED AGREEMENT

| | |
|---|---|
| Burial Rights | $ 995.00 |
| Professional Service Fee | 850.00 |
| Memorialization – Type | |
| Size___ Design___ | |
| Memorial Base – Type | |
| Size___ Color___ | |
| Memorial Installation / Inspection Fee | |
| Outer Burial Container – Material | 995.00 |
| Model _____ Supplier _____ | |
| Urn | |
| Type___ Size___ | |
| Flower Vase – Type | |
| Nameplate | |
| Lettering | |
| Other _Vault Installation_ | 105.00 |
| Administrative Allocation | 5.00 |
| Sales Tax | |
| **TOTAL CASH PRICE** | $ 2,750.00 |
| LESS: | |
| Down Payment Cash $_____ | |
| Other Credit $_____ | |
| Total Down Payments | $_____ |
| UNPAID BALANCE OF CASH PRICE | $ 2,750.00 |

**REMARKS** _____

### TERMS - CASH SALE

The Total Cash Price is due and payable as of the date of this Agreement. A delinquency charge of _____ percent will be assessed monthly on any balance not paid within 30 days of the date of this Agreement. If less than full payment is received, Seller shall deduct the accrued delinquency charge from the amount received, and credit the remainder of the payment received to the Unpaid Balance.

Seller will retain title until the Total Cash Price, together with any delinquency charges thereon have been paid by Purchaser to Seller. Seller also will retain a security interest in merchandise being purchased above

Purchaser agrees that all rights conveyed under this Agreement are subject to, and Purchaser agrees to at all times comply with, the present (and as may be hereafter adopted amended or altered) Rules, Regulations and Bylaws of Seller, which are available for examination in Seller's Office.

Signed this _____ day of _December_  
Purchaser _____  
　　　　　　　　　　　Relationship  
Purchaser _____  
　　　　　　　　　　　Relationship  

By _____  
Counselor _____

Ex. 5

# NHMP
**NATIONAL HARMONY MEMORIAL PARK**

7101 Sheriff Road
P. O. Box 6059
Largo, Maryland 20792-6059
(301) 772-0900

February 2, 2004

Mrs. Lela Tolbert
1113 46th Place S E
Washington, DC 20019

RE: Contract # 2300-00-1011879

Dear Mrs. Tolbert:

Please accept our deepest sympathy in the recent loss of your loved one. We hope that our services met with your approval.

Enclosed you will find a copy of your agreement. If you have any questions, or if we can be of further assistance, please feel free to call or stop by our office.

Thank you for allowing us to serve your family.

Very truly yours,

*Roger Volland*

Roger Volland

Enclosure:

"Washington's Most Naturally Beautiful Cemetery"

Copy of envelope

Mrs. Lela Tolbert
1113 46th Place S E
Washington, DC 20019

# N H M P
TIONAL HARMONY MEMORIAL PARK
7101 Sheriff Road • P O Box 0459
Landover, Maryland 20785-0459