UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
LELA TOLBERT,                  )
                               )
          Plaintiff,           )
                               )
          v.                   )    Civil Action No. 07-94 (RWR)
                               )
NATIONAL HARMONY MEMORIAL      )
PARK et al.,                   )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lela Tolbert sued defendants National Harmony
Memorial Park ("Harmony Park"), Stewart Enterprises, Inc., and
the unnamed funeral director at Harmony Park (collectively,
"defendants"), alleging breach of contract, negligence,
intentional infliction of emotional distress, negligent
infliction of emotional distress, fraud and/or negligent
misrepresentation, breach of implied covenant of good faith,
trespass, nuisance, conversion, and professional malpractice.
Defendants moved under Federal Rule of Civil Procedure 12(b)(6)
to dismiss the complaint, arguing that all the claims are time-
barred.  Because the complaint establishes that all but
plaintiff's trespass and nuisance claims accrued not later than
January 7, 2004, and she did not file this complaint within the
three years allowed by the applicable statute of limitations,
defendants' motion will be granted as to all but the trespass and
nuisance claims and otherwise denied.

-2-

## BACKGROUND

The following facts are alleged in the complaint.  When her husband died in 2001, Tolbert contracted with Harmony Park to bury him in a plot identified as Magnolia L2.  (Compl. ¶¶ 3, 28.) Tolbert did not witness her husband's interment, as she was too distraught to remain at the cemetery.  (Id. ¶ 4.)  A few years later, her son died and she contracted with Harmony Park to bury him in burial plot Magnolia L2.  When Tolbert buried her son in Magnolia L2 on January 7, 2004, Tolbert learned for the first time that her husband was not buried in Magnolia L2.  (Id. ¶¶ 5, 28.)  In March of 2004, Tolbert learned that a significant amount of water was deposited on and beneath the plot.  (Id. ¶¶ 68, 71.) She learned upon filing this action that Harmony Park had failed to prevent and clean up the water accumulation.  (Id. ¶ 64.)

Tolbert filed this action on January 16, 2007.  The complaint alleges that Tolbert discovered the facts supporting her claims more recently than the underlying events occurred, and that her claims should not be barred by a limitations period.

## DISCUSSION

The sole argument defendants make in their motion to dismiss is that Tolbert's complaint was filed after the applicable statute of limitations had run on all of her claims.  A limitations period defense is properly brought as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for

-3-

failure to state a claim.[1] <u>Gordon v. Nat'l Youth Work Alliance</u>,
675 F.2d 356, 360 (D.C. Cir. 1982); <u>Smith-Haynie v. Dist. of
Columbia</u>, 155 F.3d 575, 578 (D.C. Cir. 1998).  However, because
statute of limitations issues often depend on contested questions
of fact, "courts should hesitate to dismiss a complaint on
statute of limitations grounds based solely on the face of the
complaint."  <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1209 (D.C.
Cir. 1996).  Rather, "dismissal is appropriate only if the
complaint on its face is conclusively time-barred."  <u>Id.</u>  A
complaint is construed liberally in a plaintiff's favor for Rule
12(b)(6) purposes, and a plaintiff is given the benefit of all
inferences that can be derived from the facts alleged.  <u>Kowal v.
MCI Comm'cns Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994).
Accordingly, a trial judge may determine the date of accrual "as
a matter of law only if no reasonable person could disagree on
the date."  <u>Kuwait Airways Corp. v. American Sec. Bank, N.A.</u>, 890
F.2d 456, 463 n.11 (D.C. Cir. 1989).

    The parties dispute whether District of Columbia or Maryland
law supplies the statute of limitations.  Jurisdiction over this
action is founded on diversity of citizenship.  28 U.S.C. § 1332.
In diversity cases, a federal court must apply the choice of law

----

    [1] Tolbert's opposition presented matters outside the
pleadings that are not necessary to a disposition of this motion.
Thus, they will not be considered and the motion will not be
converted to one under Rule 56.  <u>See</u> Fed. R. Civ. P. 12(b).

-4-

rule of the court's forum.  Klaxon Co. v. Stentor Elec. Mfg. Co.,
313 U.S. 487, 496-97 (1941).  "In determining which state's
limitation period applies, the federal court looks to the choice-
of-law rules of the state in which it sits. . . .  [T]he D.C.
choice-of-law rules . . . treat statutes of limitations as
procedural, and therefore almost always mandate application of
the District's own statute of limitations."  A.I. Trade Finance,
Inc. v. Petra Int'l Banking Corp., 62 F.3d 1454, 1458 (D.C. Cir.
1995) (citations omitted).  Thus, contrary to the defendants'
assertions, D.C.'s statute of limitations determines the
limitations periods in this case.  There is a three-year
limitation on every claim Tolbert asserts in her complaint.  See
D.C. Code § 12-301 (providing a 3-year limitation period for
claims of conversion, see § 12-310(2), trespass and nuisance, see
§ 12-310(3), breach of contract and breach of implied covenant of
good faith, see § 12-310(7), and fraud, professional malpractice,
negligence, and intentional and negligent infliction of emotional
distress, see § 12-310(8)).

     "As a general rule, where the fact of an injury can be
readily determined, a claim accrues for purposes of the statute
of limitations at the time the injury actually occurs."  Mullin
v. Washington Free Weekly, Inc., 785 A.2d 296, 298 (D.C. 2001)
(quotation marks and citation omitted).  Where the injury is not
immediately evident, however, the "discovery rule" is applied,

-5-

meaning that the statute of limitations does not begin to run until the injured party has "discovered or reasonably should have discovered all of the essential elements of her possible cause of action . . . ." Colbert v. Georgetown Univ., 641 A.2d 469, 473 (D.C. 1994) (quotation marks and citation omitted); see also Mullin, 785 A.2d at 299. A plaintiff who invokes the discovery exception to a limitations defense assumes the burden of persuasion on that issue, except where the injury has been concealed by the defendant, or is self-concealing by nature. See Minebea Co., Ltd. v. Papst, 444 F. Supp. 2d 68, 175 (D.D.C. 2006) (discussing cases).

A cause of action accrues when the potential plaintiff has "knowledge of *some* injury, its cause, and related wrongdoing." Knight v. Furlow, 553 A.2d 1232, 1236 (D.C. 1989) (emphasis added). "Knowledge of facts, and not knowledge of the legal significance of those facts, controls the time of accrual." Johnson v. Long Beach Mortg. Loan Trust 2001-4, 451 F. Supp. 2d 16, 42 (D.D.C. 2006). "The fact that [the plaintiff] did not then comprehend the full extent of *all* possible sequelae does not matter, for the law of limitations requires only that she have inquiry notice of the existence of a *cause of action* . . . ." Baker v. A.H. Robins Co., 613 F. Supp. 994, 996 (D.D.C. 1985), quoted in Colbert, 641 A.2d at 473 (emphasis in the original). Thus, when one cause of action accrues, the limitations period

-6-

begins to run for all possible dependent or intertwined causes of
action, and if one claim is barred by the statute of limitations,
then dependent or intertwined claims are also barred.  Morton v.
Nat'l Med. Enterprs., Inc., 725 A.2d 462, 471 (D.C. 1999)
(concluding that fraud claims were completely dependent upon and
intertwined with plaintiffs' malpractice claims, and therefore
accrued when the malpractice claims accrued); Saunders v. Nemati,
580 A.2d 660, 662 (D.C. 1990) (discussing cases where the
dependent emotional distress claim accrued when the cause of
action accrued for the underlying tort); see also Mullin, 785
A.2d at 298 n.3 (noting that the plaintiff did not challenge the
trial court's ruling that because his defamation claim was time-
barred, the other intertwined claims were also time-barred).

     Tolbert's complaint establishes unequivocally that by
January 7, 2004 at the latest, she knew that her husband was not
buried in Magnolia L2 where she believed she had contracted for
him to be buried.  (See Compl. ¶ 5 ("In January 7, 2004,
Ms. Tolbert buried her son Rodney Tolbert at the same cemetery.
The cemetery sold her the same plot Magnolia L2.  For the first
time, she was informed that Mr. Leroy Tolbert was buried at a
different plot; not the one previously contracted upon."), ¶ 28
(substantially the same).)  Even applying the discovery rule to
Tolbert's benefit, January 7, 2004 is the accrual date for her
breach of contract claim, and for the intertwined claims of

-7-

negligence, intentional infliction of emotional distress,
negligent infliction of emotional distress, breach of implied
covenant of good faith, conversion, and professional malpractice.
It may be that she realized only later that the injury might
constitute fraud, and did not appreciate the emotional distress
for weeks or even months after January 7, 2004.  However, because
she knew of the injury on January 7, her fraud and emotional
distress claims also accrued on that date.  See Morton, 725 A.2d
at 471.  Tolbert did not file suit on these claims until
January 16, 2007, after the three-year limitations period expired
on January 7, 2007.  Accordingly, the motion to dismiss will be
granted as to those claims.

    Tolbert's trespass and nuisance claims are not intertwined
with or dependent on the same facts supporting the breach of
contract and other claims.  These claims are based on allegations
that a significant amount of water was on and beneath the plot.
Tolbert alleges that the water "trespass occurred on January
2004" (id. ¶ 66), and that the water "nuisance occurred on
January 1, 2004."  (Id. ¶ 73.)  She has invoked the discovery
rule exception to the limitations defense as to these claims (id.
¶¶ 66, 73), alleging that they are timely since she did not know
of the water nuisance until "March 2004" (id. ¶ 71), and did not
know of the water trespass until the "fili[ng] of this case" in
January 2007.  (Id. ¶ 64.)  Tolbert provided no additional

-8-

factual basis in the complaint for invoking the discovery rule, but defendants make no effort to challenge her assertion regarding her late discoveries.  Because dismissing a claim on statute of limitations grounds is disfavored unless the claim is conclusively time-barred on its face, and because reasonable persons could disagree about the date on which the claims for water trespass and nuisance accrued, the motion to dismiss will be denied as to those two claims.

<u>CONCLUSION AND ORDER</u>

Based on the factual allegations in the complaint, no reasonable person could disagree that Tolbert knew of her claims for breach of contract, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud and/or negligent misrepresentation, breach of implied covenant of good faith, conversion, and professional malpractice by January 7, 2004 at the latest.  Those claims, then, are time-barred.  Reasonable persons could disagree as to the date on which the water trespass and nuisance claims accrued, and the complaint does not show conclusively that these claims are time-barred.  Accordingly, it is hereby

ORDERED that defendants' motion [3] to dismiss be, and hereby is, GRANTED in part and DENIED in part.  It is denied as to the water trespass and nuisance claims, and it is granted as to all other claims.

-9-

SIGNED this 9th day of November, 2007.


                                   /s/
                              _____
                              RICHARD W. ROBERTS
                              United States District Judge