IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Lela Tolbert | * | |
| | * | |
| Plaintiff | * | 1:07CV 00094RWR |
| | * | |
| /v./ | * | Honorable Roberts |
| National Harmony Memorial Park, et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION TO RECONSIDER NOVEMBER 9, 2007 DECISION**

Comes now, Lela Tolbert, Plaintiff, by and through her counsel, B. Marian Chou, Esq., files this motion to reconsider. Counsel has informed Mr. Whiteford, Esq. about filing this motion. Mr. Whiteford, Esq. would not consent to this motion's filing. She states as follows:

**I.  Under the D.C. "discovery rule", the date of February 12, 2004 should be applied and the whole incident should be looked as a whole, not just the starting point only**

In this case, Plaintiff concedes that under the D.C. Code 12-301, the statute of limitation should be three years. Plaintiff also affirmed that the burial date for Plaintiff's late son was January 7, 2004. However, Plaintiff does not even have clue or trace of "some knowledge of some injury" as of January 7, 2004. As a layperson, Ms. Tolbert demanded explanations from the Defendant. Defendant provided a letter much on February 2, 2004 with a copy of contract. See Exhibit 1-A& B. In addition, according to Plaintiff's affidavit submitted last time, Plaintiff still did not know where her late husband actually buried. Plaintiff requested NHMP to provide her document, her "knowledge of injury" should be

1

calculated from February 12, 2004, not January 7, 2004. The Court used the burial date of Plaintiff's late son as the accrued date for this action, but Court ignores the continuing nature of Defendant's hiding information from Plaintiff and compute the date earlier than it should. Plaintiff wants to know but still does not know where her late husband really buried at.

## II.     The Defendant "continuous representing" the Plaintiff's family burial needs

Although the case at bar is different than other cases like <u>Bradley v. Nat'l of Securities Dealers</u>, 433 F.3d 846 (D.C. Cir. 2005), <u>R.D.H. Communications, ltd v. Winston</u> 700 A.2d 766 (D.C. 1997), <u>Wagner v. Sellinger</u>, 847 A.2d 1151 (D.C. 2004), and <u>Jung v. Mundy, Holt & Mance</u> 372 F.3d 429( D.C. Cir. 2004). In those cases, legal malpractice is discussed in great length, but all of the cases have statute of limitation issues as to when the legal representation ceases. In <u>Bradley</u>, although there is no basis to learn whether Ms. Bradley is an attorney herself, but the Court discussed about "Inquiry notice as to the cause" and decided that the accrued date for the cause of action should be January 7, 1998. See <u>Bradley</u> at 849. Comparing the case at bar, the above cases mentioned are mostly related to legal representation, we draw analogy to legal representation in the Defendant's capacity as professional field, providing resting grounds for the families. Plaintiff buried both her late husband and her late son in different years apart. The Defendant continues to serve Plaintiff's family burial needs. "The analogy between legal malpractice claims and arbitral malpractice claims is tenuous and therefore it is not obvious that District of Columbia courts would borrow the continuous representation rule from legal malpractice cases and apply it to arbitral

2

malpractice suits." See Bradley at 850. Although in the Bradley, the Court was hesitant to apply the "continuous representation rule", Plaintiff urges the Court to consider to apply this rule because Plaintiff buried her late husband first and her late son few years apart. The February 2, 2004 letter from Defendant to Plaintiff concludes the business between Plaintiff and Defendant also serves as a proof of Defendant's "continuous representation". Plaintiff absolutely has no knowledge of Defendant's professional malpractice until February 2004. See Exhibit 1-A&B.

**III.    The other causes of actions, althgouh interwined, should be considered individually and independently, by applying "discovery rule" on every cause of actions**

In this case, the Defendant has licensed to operate a cemetery and was trusted by the Plaintiff at least on two occasions. Plaintiff has no way to know about the misconduct by the Defendant until she has received the February 2, 2004 letter. In that letter, signed by Roger Volland from NHMP, it stated that "enclosed you will find a copy of your agreement. If you have any questions, or if we can be of further assistance, please feel free to call or stop by our office." Mr. Volland provided a copy of agreement, then, Plaintiff would be able to have knowledge of *facts*. (emphasis added). See Johnson v. Long Beach Mortg 451 F.Supp. 2d 16 (D.D.C. 2006).

**IV.    The Defendant has conducted the "continuing tort" when they would not reveal where the actual location of Plaintiff's husband even at the time of case was filed**

How hard it will be for Defendant to verify the location of Plaintiff's late husband corpse? Defendant would not provide any assistance to Plaintiff to learn

the true location of her late husband but only some documents until February 10, 2004. (See postmark on the envelope)  The "continuing tort" is not for the purpose to stretch the statute of limitation, but to accurately reflect the wrongdoing of Defendant.  See Page v. U.S. 729 F.2d 818 (1984); DeKine v. D.C. 422 A.2d 981 (D.C. 1980).  Plaintiff cannot and still suffer over the years of the truth of burial plot of her late husband.

    For the reasons stated above, Plaintiff requests the Court to review the letter, along with the postmark on the envelope to reverse his November 9, 2007 order and reinstate the causes of action of this case.

Respectfully Submitted,

/s/

B. Marian Chou, Esq. (#433279)
Attorney for Plaintiff Tolbert
800 7th St., N.W., #201
Washington, D.C., 20001
202-783-2794;898-1992
bmchou@mindspring.com

Certificate of Service

Pursuant to local rule 5.4(d), service of the opposition was made electronically through the Court's CM/ECF filing of the pleading on November 26, 2007.

/s/
B. Marian Chou, Esq.

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Lela Tolbert | * | |
| | * | |
| Plaintiff | * | 1:07CV 00094RWR |
| | * | |
| /v./ | * | Honorable Roberts |
| National Harmony Memorial Park, et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

Upon consideration of merits of motion, opposition and reviewing evidence from Plaintiff, it is hereby ordered that the Court will modify November 9, 2007 order and reinstate the causes of actions.

So Ordered!

_____
Judge Richard W. Roberts

Cc: Ms. B. Marian Chou, Esq.
   Attorney for Plaintiff
   800 7th St., N.W., #201
   Washington, D.C., 20001

   Ms. Jennifer S. Jackman, Esq.
   Whiteford, Taylor & Preston
   1025 Connecticut Ave., N.W., #400
   Washington, D.C., 20036



**NATIONAL HARMONY MEMORIAL PARK**

7101 Sheriff Road
P. O. Box 6059
Largo, Maryland 20792-6059
(301) 772-0900

February 2, 2004

Mrs. Lela Tolbert
1113 46th Place S E
Washington, DC 20019

RE: Contract # 2300-00-1011879

Dear Mrs. Tolbert:

Please accept our deepest sympathy in the recent loss of your loved one. We hope that our services met with your approval.

Enclosed you will find a copy of your agreement. If you have any questions, or if we can be of further assistance, please feel free to call or stop by our office.

Thank you for allowing us to serve your family.

Very truly yours,

*Roger Volland*

Roger Volland

Enclosure:

"Washington's Most Naturally Beautiful Cemetery"

